IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BENNY ODEM, JR., | § | |
| Institutional ID No. 1703386, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00041-BU |
| | § | |
| PAIGE RUTLEDGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Now before the Court is a Motion for a Temporary Restraining Order and a Preliminary Injunction filed by pro se Plaintiff Benny Odem, Jr., on November 4, 2020. Dkt. No. 21.

Under the authority of 28 U.S.C. § 636(b) and an order of transfer, this case was transferred to the undersigned United States magistrate judge for further proceedings. Because Odem has not consented to the exercise of jurisdiction by the undersigned, the undersigned is required to file Findings, Conclusions, and a Recommendation with respect to all dispositive matters, which includes motions for injunctive relief.

I.     DISCUSSION AND ANALYSIS

Pro se Plaintiff Benny Odem, Jr., an inmate currently incarcerated by Texas Department of Criminal Justice (TDCJ), filed this 42 U.S.C. § 1983 action complaining of events alleged to have occurred during his incarceration at TDCJ's John Middleton Unit and Robertson Unit during 2019. Both units lie within the Abilene division of the Northern

1

District of Texas. In his amended complaint, Odem alleges that he was deprived of his private property, including religious artifacts, and denied due process. Dkt. No. 13 at 6–18. Odem additionally claims he is the victim of retaliation because he grieved the confiscation of his property. *See* Dkt. No. 27 at 3–4.

In the current motion, Odem challenges only his placement in restrictive housing by the Unit Classification Committee at the Robertson Unit on September 11, 2020. Dkt. No. 21 at 3. Odem alleges that the disciplinary process that led him to be placed in restrictive housing was administered without due process. *Id*. Odem alleges he was harassed at the disciplinary proceeding on September 8, 2020 in a "very threatening manner" and intentionally deprived of his liberty. *Id*.

Odem further alleges the Chairman of the Unit Classification Committee, J. Lopez, excluded him from the Committee's meeting after "finding falsifying documentation." *Id*. at 4. As a result, Odem complains he was deprived of an opportunity to be heard and to appeal. *Id*. Odem alleges that his subsequent placement in extended restricted housing on September 11, 2020, without notification or a hearing was in violation of the restricted housing plan. *Id*.

Additionally, Odem claims that on September 17, 2020, two defendants in his current lawsuit, Smith and Villanueva, "submitted falsified documents" of a security detention hearing record. *Id*. at 4. Smith and Villanueva allegedly held a hearing without Odem being present. *Id*.

Odem alleges he has been poorly fed in restricted housing and forced to eat food that violates his religious diet. *Id*. at 5. He also alleges he has been restricted from

recreation. *Id*. Odem claims he is confined in a cell such that there are no witnesses apart from the defendants in this lawsuit and their agents. *Id*.

Plaintiff requests that he be taken out of restrictive housing and put back into general population. *Id*. at 6. He requests a temporary restraining order requiring the defendants to arrange his release and reinstate his general population status. *Id*. He further requests that the Court order the defendants to turn over the "falsified documents" from the "false disciplinary process" that put him in restrictive housing. *Id*.

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements:

1. a substantial likelihood of success on the merits of his case;

2. a substantial threat that the plaintiff will suffer irreparable injury;

3. that the threatened injury outweighs any harm that the injunctive order might cause the defendant; and

4. that the injunction is in the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419, n.15 (5th Cir. 2001).

Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). A federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

In the prison context, courts should exercise great caution when considering injunctive relief. *Bell v. Wolfish*, 441 U.S. 520, 547–48, 562(1979) (recognizing the wide-ranging deference given to prison administrators to maintain institutional security and warning courts against becoming "enmeshed in the minutiae of prison operations"). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Principles of equity militate heavily against granting injunctive relief except in the most extraordinary circumstances. *Id*.

Odem has not met the requirements for a preliminary injunction or temporary restraining order.

Odem has not demonstrated a substantial threat that he will suffer irreparable injury. The Court obtained authenticated records from TDCJ regarding Odem's allegations. *See* Dkt. No. 31. The authenticated records confirm that the Office of the Ombudsman conducted an internal inquiry into Odem's claims concerning his allegedly unlawful placement in restricted housing. The results of that investigation, dated January 14, 2021, confirm that Odem had been assigned to restricted housing after he was convicted of inciting a racial riot. The investigation notes further confirm that while restricted housing is a higher security classification, it is not solitary confinement. Odem was placed in a wing with up to 14 other prisoners, including a prisoner in a cell on either side of him. And

contrary to Odem's claims that he was left somewhere without witnesses, he was placed under 24-hour surveillance. Further, investigation found that Odem was unable to pinpoint any specific dates or times he was deprived of food or forced to eat food that violated his religious beliefs.

Furthermore, Odem was promoted from the 3A classification to 2A on September 28, 2020, eleven (11) days after he alleges Smith and Villanueva "submitted falsified documents" of a security detention hearing record and seventeen (17) days after he alleges he was placed in extended restricted housing without notification or a hearing. On January 7, 2021, Odem was promoted to 1A.

Odem has not shown any threatened injury that outweighs the harm an injunctive order might cause the defendants or overcomes the deference owed to prison administrators in operating a correctional facility. The internal investigation into Odem's allegations confirmed he was placed in restricted housing because of the seriousness of his disciplinary charge and not in response to Odem using the grievance procedures.

Odem also fails to show a substantial likelihood of success on the merits of his underlying lawsuit. That is, he fails to demonstrate that his lawsuit against Defendants is likely to succeed.

Odem brings claims in his lawsuit related to property deprivation and retaliation. But the Supreme Court has held that the "deprivation of property by a state employee," whether intentional or negligent, is not a constitutional violation "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 531, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981). Because Texas law

provides an adequate post-deprivation remedy for the loss of property, Odem's claim, even when taken as true, will likely fail to state a constitutional violation required by § 1983. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally.")

Finally, Odem has not identified any public interest that would be served by issuance of the injunction. While Odem may desire to be housed in general population, he is not constitutionally entitled to any particular housing classification. "[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992)).

## II.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Odem's Motion for a Temporary Restraining Order and a Preliminary Injunction be DENIED. The undersigned further RECOMMENDS that the United States District Judge transfer this case back to the undersigned after ruling on these Findings, Conclusions, and Recommendation so that the undersigned can continue the Court's preliminary judicial screening process.

It is ORDERED that this case be transferred back to the docket of the United States District Judge and designated as Civil Action No. 1:20-CV-00041-H.

## III. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 3rd day of August, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE